IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| CATHY ROMAINE MARTIN, | * | |
|     Debtor-in-Possession | * | CASE NO. 1:15-bk-03259-MDF |
| | * | |
| CATHY ROMAINE MARTIN, | * | |
|     Plaintiff | * | |
| | * | ADV. NO. 1:16-ap-00031-MDF |
|     v. | * | |
| | * | |
| BANK OF NEW YORK MELLON, | * | |
| SUCCESSOR BY MERGER TO THE | * | |
| BANK OF NEW YORK, AS INDENTURE | * | |
| TRUSTEE, ON BEHALF OF THE | * | |
| HOLDERS OF THE TERWIN | * | |
| MORTGAGE TRUST 2006-2HGS | * | |
| ASSET-BACKED SECURITIES, SERIES | * | |
| 2006-2HGS | * | |
|     Defendant. | * | |

## OPINION

Before the Court is Bank of New York Mellon, successor by merger to the Bank of New York, as indenture trustee, on behalf, of the holders of the Terwin Mortgage Trust 2006-2HGS Asset-Backed Securities, Series 2006-2HGS ("Defendant")'s Motion for Summary Judgment (the "Motion"). For the reasons set forth below, the Motion will be granted and judgment will be entered in favor of Defendant.

### I. Factual and Procedural History

Cathy Romaine Martin ("Debtor") filed a bankruptcy petition on July 31, 2015. Subsequently, she filed the above-captioned adversary proceeding seeking to strip off Defendant's second mortgage related to real property located at 3209 Keeney Court, Spring Grove, PA 17362 (the "Property"). Defendant filed an Answer on August 11, 2016. Discovery was to commence on September 20, 2016 and end on December 19, 2016. Defendant sent

Requests for Admission to Debtor on December 6, 2016, to which Debtor did not respond. A pre-trial conference was scheduled for January 31, 2017, at which Debtor did not appear. On January 18, 2017 Defendant filed the Motion, a Statement of Material Facts and a brief. Debtor filed a brief on February 7, 2017. The matter is ready for decision.[1]

## II. Discussion

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

When requesting summary judgment, the movant bears the initial burden of identifying the pleadings, discovery materials, together with any affidavits, which it asserts establish the absence of a genuine issue of material fact. *EL v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007) (citing *Celotex v. Catrett,* 477 U.S. 317, 323 (1986)). After the movant meets this initial burden, the non-movant must "make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001). All reasonable inferences must be granted to the non-movant at this stage. *Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)). When the record is

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a non-*Stern* core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

considered as a whole, if "a rational trier of fact" could not find for the non-moving party, there is no "genuine issue for trial." *Id.*

Here, I must determine whether Debtor has raised an issue as to a material fact with regard to the value of the Property. Under the Bankruptcy Code, a debtor may not modify a mortgage that is secured by the debtor's principal residence. 11 U.S.C. § 1322(b)(2). Nevertheless, if a lien attached to a debtor's principal residence is wholly unsecured, it may be stripped off. *In re McDonald,* 205 F.3d 606, 615 (holding that "a wholly unsecured mortgage is not subject to the antimodification clause in § 1322(b)(2)"). Debtor has asserted that Defendant's lien is wholly unsecured, while Defendant asserts that its lien is partially secured.

As part of the discovery process, parties may utilize requests for admission. Once a request for admission is served on a party, the party has thirty days to respond, otherwise the assertions contained in the request are deemed admitted. Fed. R. Civ. P. 36(a)(3); *See Mina v. Hotel on the Cay Timesharing Ass'n,* 410 F. App'x 450, 452 (3d Cir. 2010). "'[U]nanswered requests for admissions properly serve as an uncontroverted factual base for summary judgment purposes.'" *Brown v. Stroehmann Bakeries LC,* 2014 WL 4639924, at *2 (M.D. Pa. 2014).

In the case before me, Defendant served Requests for Admission on Debtor to which Debtor did not respond. By failing to respond, Debtor has conceded that she has not obtained an appraisal to determine the value of the Property and that the value of the Property exceeds the total amount owing on the senior mortgage. Moreover, in her brief, Debtor acknowledges that she has not obtained an appraisal. Debtor offered information about the Property's value obtained from Zillow.com, however such information is not admissible as evidence in establishing value of property, and the Court will disregard it. *In re Cocreham,* 2013 WL

3

4510694, *3 (Bankr. E.D. Cal. 2013) ("[R]eports such as Zillow are not compilations made admissible by Fed. R. Evid. 803(17)." Accordingly, I find that there is no issue as to a material fact with regard to the value of the Property, and summary judgment should be granted in favor of Defendant.

### III. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment is granted. Judgment will be entered in favor of Defendant and against Debtor.

By the Court,

Date: February 9, 2017

Mary D. France
Bankruptcy Judge
(VK)